**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2229**

REGINALD D. EVANS,

Plaintiff - Appellant,

v.

CAROLINA RICHARDSON, Treasurer for Sumter County South Carolina; SUMTER COUNTY, South Carolina,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:16-cv-03202-JFA)

Submitted: February 22, 2018                    Decided: February 26, 2018

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Reginald D. Evans, Appellant Pro Se. James M. Davis, Jr., LINDEMANN, DAVIS & HUGHES, PA, Columbia, South Carolina; Jasmine Desiree Wyman, DAVIDSON & LINDEMANN, PA, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald D. Evans appeals the district court's order accepting the recommendation of the magistrate judge and dismissing his civil action for failure to state a claim. We concluded that the district court correctly determined that Evans' sole claim, that Sumter County's tax sale violated his due process rights, is barred from consideration by the Tax Injunction Act, 28 U.S.C. § 1341 (2012), and the related comity doctrine. *See Lawyer v. Hilton Head Pub. Serv. Dist. No. 1*, 220 F.3d 298, 302-05 (4th Cir. 2000). Accordingly, we affirm the district court's dismissal of Evans' complaint. But because the court lacked jurisdiction to consider Evans' claim,[*] we vacate the district court's judgment to the extent that the dismissal was with prejudice, and remand with instructions to dismiss the case without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[*] Evans' original complaint contained several causes of action, but was dismissed for failure to state a claim; we dismissed Evans' appeal of that determination for lack of jurisdiction, and remanded the matter to allow Evans to file an amended complaint. *Evans v. Richardson*, 689 F. App'x 750 (4th Cir. 2017) (No. 17-1144). On remand, Evans abandoned any claims not related to the tax sale, and, thus, there is no remaining cause of action that would provide federal jurisdiction.

2